IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02406-BNB

FRANKY L. SESSION,

     Plaintiff,

v.

DEPUTY SHERIFF CLEMINGS,
DEPUTY SHERIFF ANDREWS,
SHERIFF CAPTAIN ROMERO,
SHERIFF SERGEANT JORDAN,
DEPUTY SHERIFF AREANO,
DEPUTY SHERIFF CASSITY,
DENVER SHERIFF CHIEF DIGGINS,
DENVER SHERIFF DEPARTMENT, All in Their Individual and Official Capacity,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Franky L Session, currently is detained at the Denver County Jail in Denver, Colorado.  Plaintiff initiated this action by filing *pro se*, a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On September 8, 2014, the Court granted Plaintiff's § 1915 Motion.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The supporting facts

are repetitive, disjointed, and are not set forth in a short and concise statement.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates

3

violated the Constitution, but that the official by virtue of his
own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at
677).  Therefore, in order to succeed in a § 1983 suit against a government official for
conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege
and demonstrate that: "(1) the defendant promulgated, created, implemented or
possessed responsibility for the continued operation of a policy that (2) caused the
complained of constitutional harm, and (3) acted with the state of mind required to
establish the alleged constitutional deprivation."  *Id.* at 1199.

Plaintiff cannot maintain claims against prison officials or administrators on the
basis that they denied his grievances.  The "denial of a grievance, by itself without any
connection to the violation of constitutional rights alleged by plaintiff, does not establish
personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th
Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir.
Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is
insufficient to establish personal participation in the alleged constitutional violations.")
(internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No.
02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending
"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,
does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall
file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner
Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the

Amended Complaint.  It is

    FURTHER ORDERED that if Plaintiff fails to comply with this Order within the

time allowed the Court may dismiss the action without further notice.

    DATED September 8, 2014, at Denver, Colorado.

                                      BY THE COURT:

                                       s/ Boyd N. Boland
                                      United States Magistrate Judge