IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02406-GPG

FRANKY L. SESSION,

    Plaintiff,

v.

DEPUTY SHERIFF CLEMINGS,
DEPUTY SHERIFF ANDREWS,
DENVER SHERIFF CAPTAIN ROMERO,
DENVER SHERIFF SERGEANT JORDON,
DEPUTY SHERIFF AREANO,
DEPUTY SHERIFF CASSITY,
DENVER MAIL ROOM TECH (UNKNOWN), and
DENVER SHERIFF (UNKOWN), All in Their Individual and Official Capacities,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff Franky L. Session is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 that challenges the conditions of his confinement, while he was detained att the Denver County Jail in Denver, Colorado, and an Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The Court has granted Plaintiff's § 1915 Motion.

    On September 8, 2014, Magistrate Judge Boyd N. Boland directed Plaintiff to amend the Complaint.  Specifically, Plaintiff was told to comply with Fed. R. Civ. P. 8 and to state his claims in a short and concise statement.  Magistrate Judge Boland also told Plaintiff to assert personal participation by each named defendant and to state what each defendant did to him, when they committed the action, how the action

harmed him, and what specific right was violated. Finally, Plaintiff was told that he cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. On October 7, 2014, Plaintiff filed an Amended Prisoner Complaint.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file a Second Amended Complaint.

Plaintiff sets forth the following claims:

Claims 1 and 2. Defendant Deputy Sheriff Clemings removed Plaintiff from population to lock-down on March 24, 2013, without a hearing, in violation of Plaintiff's Eighth and Fourteenth Amendment rights;

Claims 3 and 4. Defendant Deputy Sheriff Andrews performed an unreasonable strip search on March 24, 2013, in violation of Plaintiff's Fourth and Fourteenth Amendment rights;

Claims 5 and 6. Defendant Captain Romero placed Plaintiff in lock-down as punishment for Plaintiff's state charges and then failed to perform any administrative review to determine if Plaintiff's continued placement in lock-down was necessary from March 24, 2013, to December 18, 2013, in violation of Plaintiff's Eighth and Fourteenth Amendment rights;

Claims 7 and 8. Defendant Sergeant Jordon denied Plaintiff's return to population each week from March 24, 2013, to December 18, 2013, in violation of Plaintiff's Eighth and Fourteenth Amendment rights;

Claims 9 and 10. Defendant Sheriff Areano destroyed Plaintiff's legal documents or court filings from September 5, 2013, to November 12, 2013, in violation of Plaintiff's First and Fourteenth Amendment rights;

Claims 11 and 12. Defendant Sheriff Cassity refused to make legal copies for Plaintiff and denied Plaintiff his legal printouts on June 24-25 and 29, 2013, in violation of Plaintiff's First and Fourteenth Amendment rights;

>Claims 13 and 14.  Defendant Unknown Mailroom Tech failed to open Plaintiff's legal mail in front of Plaintiff on June 25, 2014, and July 7, 2014, in violation of Plaintiff's First and Fourteenth Amendment rights; and

>Claim 15.  Defendant Denver Sheriff placed Plaintiff in a cell from June 25, 2013, to July 31, 2014, that had "red stuff running down wall," half-eaten food, "stuff with hair on it," dried fruit, and a bad odor in violation of Plaintiff's Eighth Amendment rights.

The Amended Complaint improperly combines a number of separate and unrelated claims against different defendants.  In claims 1 through 8, Plaintiff challenges the incidents that pertain to his placement in lock down status without due process.  However, Claims 9-10, 11-12, 13-14, and 15 challenge four separate incidents that took place either on one or two occasions or over a period of time and involve different individuals.

Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

>>(2) **Defendants**.  Persons . . . may be joined in one action as defendants if:

>>>(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>>>(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant]

3

suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' " *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)). Nonetheless, the Court will refrain from dropping or severing parties at this time before Plaintiff has the opportunity to submit a Second Amended Complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order, within the time allowed, the Court will proceed with one of the remedial options to remedy the misjoinder.

DATED November 21, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge