IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02406-PAB-KLM

FRANKY L. SESSION,

Plaintiff,

v.

DEPUTY SHERIFF CLEMENTS, in his individual and official capacity;
DEPUTY SHERIFF ANDREWS, in his individual and official capacity
DEPUTY SHERIFF CAPTAIN ROMERO, in his individual and official capacity, and
DEPUTY SHERIFF SERGEANT JORDAN, in his individual and official capacity,

Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 103] filed on January 21, 2016.

The magistrate judge recommends that the Court grant in part and deny in part

plaintiff's Motion for Leave to File a Fourth Amended Prisoner Complaint [Docket No.

85]. The Recommendation states that objections to the Recommendation must be filed

within fourteen days after service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The

Recommendation was served on January 21, 2016. Objections were due on or before

February 8, 2016.[1] Defendants Clements, Romero, and Jordan (collectively,

"defendants") filed a timely objection. Docket No. 106. Plaintiff has not objected to the

Recommendation.

_____

[1]See Fed. R. Civ. P. 6(a)(1), (d).

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*,935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. ANALYSIS

Plaintiff was detained at the Denver Downtown Detention Center at all times relevant to this lawsuit. *See generally* Docket No. 85-1. In his proposed fourth amended complaint, plaintiff brings six claims for violation of his Fourteenth Amendment rights. *See id.* Additional relevant facts are set forth in detail in the Recommendation, *see* Docket No. 103 at 3-5, and will not be recited here except as relevant to the Court's de novo review.

The magistrate judge recommends denying plaintiff's motion for leave to amend with respect to plaintiff's second, fifth, and sixth claims for relief on the ground that

defendants are entitled to qualified immunity as to those claims. *Id.* at 6-11. In the absence of an objection, the Court has reviewed these findings and is satisfied that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

The magistrate judge further recommends granting plaintiff's motion for leave to amend with respect to his first, third, and fourth claims for relief for violation of plaintiff's Fourteenth Amendment right to due process against defendants Clements, Romero, and Jordan, respectively. Docket No. 103 at 11-14. In these claims, plaintiff states that defendants Clements, Romero, and Jordan placed plaintiff into segregation and kept him there without explanation in violation of his right to due process. Defendants object to the Recommendation on the ground that plaintiff's allegations concerning the punitive intent of defendants' actions are conclusory and that the magistrate judge erroneously declined to consider evidence that is central to plaintiff's allegations. *See generally* Docket No. 106.

The court may deny leave to amend where amendment would be futile. *Myers v. City of Loveland, Colo.*, No. 12-cv-02317-REB-KLM, 2013 WL 3381276, at *6 (D. Colo. July 8, 2013). A proposed amendment is futile if the claim, as amended, would be subject to dismissal. *See Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In other words, an amendment is futile if it would not survive a motion to dismiss. *See Bradley v. J.E. Val-Mejias, M.D.*, 379

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

3

F.3d 892, 901 (10th Cir. 2004) (citation omitted).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *Myers*, 2013 WL 3381276, at *6.  "[A]ny ambiguities must be resolved in favor of plaintiff, giving him the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in his complaint."  *Id.* (citation and quotation omitted).

### A.  Sufficiency of Plaintiff's Allegations

Defendants argue that the proposed fourth amended complaint lacks any "non-conclusory" allegations that plaintiff's placement in a segregated, 23-hour lockdown unit was purposeless or imposed as punishment.  "The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose."  *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005) (citing *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)).  "If an act by a prison official, such as placing the detainee in segregation, is done with an intent to punish, the act constitutes unconstitutional pretrial punishment.  Similarly, if a restriction or condition is not reasonably related to a legitimate governmental goal — if it is arbitrary or purposeless — a court permissibly may infer that the purpose of the governmental action is punishment."  *Id.* (citation, quotation, and alteration marks omitted).

The Recommendation found that plaintiff's allegation that he was placed in segregation without any notice of the reason for his placement permits an inference that

plaintiff's placement in segregation was purposeless or intended to punish him. Docket No. 103 at 14. Defendants argue that plaintiff provides no factual support for his conclusion that defendant Romero intentionally placed plaintiff in the segregation unit solely because of the charges against plaintiff. Docket No. 106 at 9 (citing Docket No. 85-1 at 9-10, ¶ 42). Defendants further argue that plaintiff sets forth no factual allegations with respect to defendants Jordan and Clements that reflect their desire to punish plaintiff. Docket No. 106 at 10.

The Court agrees with the magistrate judge that, affording plaintiff the benefit of reasonable inferences, the proposed fourth amended complaint plausibly states a claim for relief against defendants for violation of his Fourteenth Amendment right to due process. Plaintiff alleges that, before his removal from the sex offender unit and placement in segregation, there had been no "incident nor facility disruption," Docket No. 85-1 at 3, ¶ 1, nor any "provocation or [violation of] jail rules or wrongdoing or threats by or against plaintiff or a disciplinary write-up nor administration hearing." *Id.*, ¶ 2. Plaintiff further alleges that, when he was placed in segregation, he repeatedly inquired about the reason for the transfer and defendant Clements provided no answer. *Id.* at 7, ¶¶ 28-31. Plaintiff further states that, beginning on the day he was placed in segregation, defendant Jordan refused his requests for release from segregation, *id.* at 11, ¶¶ 47-48, and that, during their visits to the segregation unit, defendants Jordan and Romero ignored plaintiff and refused to listen to his concerns even though they "would stop and take time to discuss the segregation situation" with "all other segregated inmates." *Id.* at 13, ¶ 57. Finally, plaintiff alleges that, in response to his grievance, he

5

was informed that his placement in segregation was "due to charges." *Id.* at 11, ¶ 50.[3]

From these allegations, a plausible inference can be drawn that defendants' actions

were purposeless and done with the intent to punish.

Defendants argue that pretrial detainees charged with sexual crimes against

children may be placed in administrative segregation to maintain institutional security.

Docket No. 106 at 8.  While defendants correctly identify legitimate government

interests – namely, effective management of a detention facility and the safety of

pretrial detainees – that may justify placing a pretrial detainee in segregation, the

existence of possible legitimate motives for defendants' actions does not permit a

finding that plaintiff's claims are futile.  The cases that defendants cite are inapposite.

In *Anderson v. Chapman*, 604 F. App'x 810 (11th Cir. 2015) (unpublished), the Eleventh

Circuit affirmed an order granting summary judgment where a pretrial detainee was

placed in segregation because "[t]he placement was not for punishment; rather, it was

done to ensure [plaintiff's] safety and to minimize the risk of violence between inmates."

*Id.* at 813.  *Anderson* was decided on summary judgment, however, which allowed the

court to consider evidence of the defendants' proffered justification for their actions.  At

the leave to amend stage, the Court is limited to looking at the complaint.  In *Peoples*,

---

[3]Defendants argue that this response to plaintiff's grievance, the contents of which were alleged in plaintiff's complaint, confirms that plaintiff was informed that he was in custody "to protect him from other inmates and to maintain the overall security of the facility." Docket No. 106 at 9. Defendants' argument overlooks plaintiff's allegation, which the Court accepts as true for the purpose of ruling on this motion, that he had not been part of any disruption while housed in the sex offender unit and had not received any threats. Docket No. 85-1 at 3, ¶ 2. Taking plaintiff's allegations together with the text of the grievance, it can be plausibly inferred that plaintiff's placement in protective custody was solely due to the charges against him.

although the case was decided at the motion to dismiss stage, the legitimate

government interest for the plaintiff's placement in segregation appeared on the face of

the complaint.  422 F.3d at 1106 ("According to the complaint . . . [plaintiff] was first

placed in segregation because [the facility] lacked bed space in the general population.

. . . [Plaintiff] then admits that he remained in segregation due to his plot to escape from

his previous pretrial detention facility[.]").  No such legitimate purpose is evident from

plaintiff's complaint here.  Although defendants correctly point out that jail

administrators enjoy broad discretion in placing inmates in administrative segregation,

Docket No. 106 at 8, the Court cannot determine on this record that plaintiff's claim that

defendants' actions were arbitrary and purposeless and done with the intent to punish

is futile.

### B.  Grievances

Defendants object to the magistrate judge's decision not to consider two

grievances that defendants attached to their response to plaintiff's motion.  Docket No.

106 at 12-13.  According to defendants, these two grievances (Docket Nos. 89-2, 89-3)

confirm that plaintiff was placed in segregation for his protection and "to maintain

institutional security."  Docket No. 106 at 12.[4]

The Court may take into account "documents referred to in the complaint if the

documents are central to the plaintiff's claim and the parties do not dispute the

---

[4]Defendants actually attached three grievances to their response, *see* Docket
Nos. 89-1, 89-2, 89-3, and the magistrate judge declined to consider all three
grievances on the ground that they were not central to plaintiff's complaint.  Docket No.
103 at 12-13.  Defendants, however, do not discuss plaintiff's first grievance in their
objection.

documents' authenticity." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court agrees with the magistrate judge that the two grievances at issue are not central to plaintiff's complaint that he was placed in segregation without due process. Plaintiff does not allege the contents of his grievance or the contents of defendants' response. *See* Docket No. 85-1 at 14. Rather, plaintiff's reference to these grievances in the proposed fourth amended complaint suggests only that, after plaintiff threatened a lawsuit in those grievances, he was released from segregation into the sex offender unit. *See id*, ¶¶ 61-63.

Moreover, the grievances are dated December 2013, nine months after the alleged constitutional deprivation, and do not provide sufficient detail to demonstrate the futility of plaintiff's claims on their own. The grievances refer generally to an "incident" at an unspecified time when plaintiff was in "gen. population." Docket No. 89-2 at 1, 89-3 at 1. Plaintiff alleges, however, that before he was placed in segregation, there had been no incidents or threats that would have justified his placement. Docket No. 85-1 at 3, ¶¶ 1-2. At this stage in the proceedings, the Court must accept the allegations in plaintiff's proposed amended complaint over defendant Romero's contrary representations in response to plaintiff's grievances. As discussed above, the Court finds that plaintiff's representations, accepted as true, permit a plausible inference that his placement in segregation was done with the intent to punish. Thus, even if the Court considered plaintiff's grievances, defendants have failed to establish that plaintiff's proposed amendments would be futile. Accordingly, the Court sees no error in this aspect of the Recommendation.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 103] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff Franky L. Session's Motion for Leave to File a Fourth Amended Prisoner Complaint [Docket No. 85] is **GRANTED** in part and **DENIED** in part. It is granted with respect to plaintiff's first, third, and fourth claims for relief.  It is denied with respect to plaintiff's second, fifth, and sixth claims for relief.  It is further

**ORDERED** that, no later than 14 days after entry of this Order, plaintiff shall file an amended complaint in conformance with this Order.

DATED March 1, 2016.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge