IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02406-PAB-KLM

FRANKY L. SESSION,

      Plaintiff,

v.

CLEMENTS, Deputy Sheriff, in his official and individual capacities,
ANDREWS, Deputy Sheriff, in his official and individual capacities,
ROMERO, Deputy Sheriff Captain, in his official and individual capacities, and
JORDAN, Deputy Sheriff Sergeant, in his official and individual capacities,

      Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant Andrews' **Motion to Dismiss Plaintiff's Third Amended Prisoner Complaint** [#62], on Defendants Clements, Romero, Jordan, and Andrews' **Amended Motion to Dismiss Plaintiff's Third Amended Prisoner Complaint** [#63], on Plaintiff's **Motion Requesting Verification of Motions and Letters Filed and Copies of These Motions and Letters** [#104], on Defendants' **Motion to Stay Discovery Pending Preliminary Scheduling/Status Conference** [#114], and on Defendant Andrews' **Motion to Stay Discovery** [#116]. On March 1, 2016, the District Judge issued an Order [#113] adopting the undersigned's Recommendation [#103] that Plaintiff's Motion for Leave to File a Fourth Amended Prisoner Complaint [#85] be granted in part and denied in part. Accordingly,

      IT IS HEREBY **ORDERED** that the Motions to Dismiss [#62, #63] are **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

In Plaintiff's Motion Requesting Verification of Motions and Letters Filed and Copies of These Motions and Letters [#104], Plaintiff asks the Court for copies of a variety of motions and letters he has filed with the Court "for his personal record."  First, the Court notes that it has received the motions and letters mentioned by Plaintiff.  *See* [#93, #94, #97, #99, #101].  However, it is not the Court's responsibility to provide copies to Plaintiff of his own filings.  To the extent Plaintiff may not have received notice of the Court's ruling on Motions #93, #94, and #97, the Court will direct the Clerk of Court to resend the Minute Order [#102] adjudicating those three Motions.  With respect to Motion #99, the Court construed this filing as a Reply in support of Plaintiff's Motion for Leave to File a Fourth Amended Complaint [#85].  Plaintiff has received a copy of the Recommendation [#103] utilizing this Reply, because he filed Objections [#106] to it, and so the Court will not resend the Recommendation.  Finally, with respect to the Letter [#101], pro se litigants must follow the same procedural rules that govern other litigants.  The Federal Rules of Civil Procedure require that parties to a civil litigation file *motions* when they seek relief from the Court.  Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  In addition, the Local Rules of this Court require that a motion "state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion."  D.C.COLO.LCivR 7.1(d).  These rules allow for an orderly progression in the litigation.  Therefore, the Court does not consider letters or other documents not titled as motions or attached to motions.  Accordingly,

IT IS FURTHER **ORDERED** that the Motion Requesting Verification of Motions and Letters Filed and Copies of These Motions and Letters [#104] is **GRANTED in part and DENIED in part**.  The Motion is **granted** to the extent that the Court verifies that it has received the filings to which Plaintiff refers.  The Motion is **denied** to the extent Plaintiff seeks copies of his own filings.

IT IS FURTHER **ORDERED** that the Clerk of Court shall send to Plaintiff: (1) Minute Order [#102], and (2) a copy of the electronic docket.

Finally, the Court construes Defendants' Motion to Stay Discovery Pending Preliminary Scheduling/Status Conference [#114], and Defendant Andrews' Motion to Stay Discovery [#116] as seeking extensions of time to respond to Plaintiff's discovery requests until after the Scheduling Conference so that the Court can set appropriate discovery parameters in this lawsuit.  In support, Defendants direct the Court's attention to three sets of Requests for Admission which Plaintiff filed on the electronic docket.  One set is directed at Defendant Clements and consists of 136 requests.  *See* [#107].  A second set is directed at Defendant Romero and consists of 153 requests.  *See* [#108].  A third set is directed at Defendant Jordan and consists of 106 requests.  *See* [#109].  However, each enumerated request generally consists of one fact, so, for example, one sentence may span eight requests.  *See* [#107] at 1.  Additionally, Plaintiff filed a First Request for Production of Documents [#111] to Defendant Andrew only.  However, the only claim asserted against Defendant Andrew has been deemed futile.  *See Recommendation* [#103]; *Order* [#113].

Despite Defendants' argument to the contrary, Plaintiff's discovery requests are not premature.  *See* Fed. R. Civ. P. 26(d)(1), 26(a)(1)(B)(iv).  However, given the state of Plaintiff's current discovery requests, the Court finds that it is more efficient for the adjudication of this matter to allow Defendants to respond to Plaintiff's written discovery after the Scheduling Conference is held, at which time the Court can set appropriate discovery parameters and, to the extent necessary, discuss with Plaintiff the appropriate method of propounding written discovery requests.[1]  *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").  Accordingly,

IT IS FURTHER **ORDERED** that the Motions [#114, #116] are **GRANTED**.  A deadline to respond to Plaintiff's written discovery requests will be set at the Scheduling Conference.  The Scheduling Conference will be set after Defendants answer or otherwise respond to Plaintiff's Fourth Amended Complaint.

Dated:  March 8, 2016

---

[1]  For example, Plaintiff should not file his written discovery requests to Defendants on the electronic docket until they are otherwise needed in this proceeding.  *See* Fed. R. Civ. P. 5(d)(1) (stating in part that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission").