IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02406-PAB-KLM

FRANKY L. SESSION,

      Plaintiff,

v.

DEPUTY SHERIFF CLEMENTS, in his individual and official capacity,
DEPUTY SHERIFF CAPTAIN ROMERO, in his individual and official capacity, and
DEPUTY SHERIFF SERGEANT JORDAN, in his individual and official capacity,

      Defendants.

---

**ORDER**

---

This matter is before the Court on "Plaintiff Motion to Excuse Late Filing of Motion in Opposition to Recommidation Made by Magistrate Judge" [Docket No. 208] and "Plaintiff Motion to Reconsider Ruling and Accept his Motion in Opposition as Timely Filed" [Docket No. 210].

On November 14, 2016, the magistrate judge recommended that the Court deny plaintiff's motion for partial summary judgment. Docket No. 190. Plaintiff's objection to the magistrate judge's recommendation was originally due by December 1, 2016. *Id.* at 8-9. On December 5, 2016, the Court received plaintiff's first request for an extension of time to file an objection to the magistrate judge's recommendation. Docket No. 191. The Court granted plaintiff's request and gave plaintiff until December 23, 2016 to file his objection. Docket No. 192. On December 22, 2016, the Court received plaintiff's second request for an extension of time, Docket No. 199, and gave plaintiff until

January 13, 2017 to file his objection.  Docket No. 200.  Plaintiff did not file an objection

by January 13, 2017.  On January 17, 2017, the Court entered an Order accepting

Magistrate Judge Mix's recommendation and denying plaintiff's motion for partial

summary judgment.  Docket No. 205.  On January 20, 2017, the Court received

plaintiff's objection to the magistrate judge's recommendation, Docket No. 207, and

plaintiff's motion to excuse the late filing.  Docket No. 208.  The Court gave defendants

until February 7, 2017 to file a response to plaintiff's motion to excuse late filing.

Docket No. 209.  On February 3, 2017, plaintiff filed a motion to reconsider the Court's

ruling and accept his motion in opposition as timely filed.[1]  Docket No. 210.  On

February 6, 2017, defendants filed their response in opposition to plaintiff's motions.

Docket No. 211.  Because plaintiff is proceeding *pro se*, the Court construes his filings

liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).

According to plaintiff, on December 28, 2016, he was transferred from "Colorado

State Penitentiary" to St. Thomas Moore Hospital in Cañon City, Colorado for hernia

surgery.  Docket No. 208 at 1, ¶¶ 2-3.  The Bureau of Prisons then transferred plaintiff

to the infirmary of the Colorado Territorial Correctional Facility, where he remained until

January 10, 2017.  *Id.* at 1-2, ¶¶ 4-5.  From December 28, 2016 to January 11, 2017,

plaintiff did not have access to his legal materials.  *Id.* at 2, ¶ 6.  Plaintiff completed his

objection by the January 13, 2017 deadline, but a female officer refused to mail it.  *Id.*,

---

[1]Plaintiff's motion to reconsider [Docket No. 210] apparently rests on the belief
that the Court denied plaintiff's first request [Docket No. 208] to consider his objection
timely.  Docket No. 210 at 3, ¶ 19.

¶ 10.  Plaintiff was only able to mail his objection on January 16, 2017, a federal holiday.  *Id.*, ¶ 12.[2]  Defendants oppose plaintiff's motions because they believe he could have completed his objection prior to surgery and because he fails to adequately explain why his objection was not mailed on January 13, 2017.[3]  Docket No. 211 at 4-5.

Plaintiff requests that the Court consider his objection as timely.  Docket No. 210 at 1.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "To determine whether the neglect is 'excusable,' the court must take account of all relevant circumstances surrounding the party's omission."  *Stringfellow v. Brown*, 1997 WL 8856 at *1 (10th Cir. Jan. 10, 1997) (unpublished).  "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'"  *Id.* (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

In his second request for an extension of time, plaintiff stated that "on or about December 19, 2016," he would have his operation.  Docket No. 199 at 2, ¶ 5.  He also stated that his objection was "87% Finished."  *Id.,* ¶ 7.  Plaintiff, however, was not transferred to another facility to have his operation until December 28, 2016.  Docket

---

[2]Plaintiff's second motion to consider his objection as timely reiterates this factual history without any substantive additions.  *See* Docket No. 210.

[3]Defendants further request an opportunity to respond to plaintiff's objection should the Court decide to consider the substance of the objection.  Because the Court does not find any basis to grant plaintiff's requested relief, defendants are not prejudiced by not being afforded an opportunity to respond to the objection.

No. 208 at 1, ¶ 2.  Plaintiff provides no explanation why he was unable to complete his objection in the nine-day window preceding his transfer, especially given that plaintiff was able to complete his motion in just three days after receiving his legal materials. *Id.* at 2, ¶¶ 8-9.  Based on the information provided by plaintiff, he had ample time to complete his objection, but, for reasons that are unclear to the Court, he delayed working on the objection until after his surgery was complete.  These facts do not present excusable neglect on the part of plaintiff and the Court will deny his motion to consider his objection as timely.

Even if the Court were to consider the merits of plaintiff's objection, it contains no reference to any specific finding of fact or determination of law of the magistrate judge that he identifies as erroneous.  *See generally* Docket No. 207.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Plaintiff uses his objection to reiterate his legal argument that defendants' failure to comply with internal guidelines resulted in the deprivation of his liberty.  Docket No. 207 at 3-8.  The magistrate judge recommended that the Court deny summary judgment not because defendants complied with the strictures of due process, but because the applicability of the due process framework turned on "the reasons why [plaintiff] was transferred to segregation."  Docket No. 190 at 6.  Plaintiff neither disputes this framing of the legal dispute, nor provides factual evidence to demonstrate that there is no genuine issue of material fact "regarding whether Plaintiff was transferred to and kept in segregation without purpose and for purely punitive reasons."

*Id.* Plaintiff does submit three affidavits from his fellow inmates, Docket No. 207

at 13-17, which discuss plaintiff's hygiene, personality, and interactions with correctional

officers.  *See id.*  However, while the affidavits support plaintiff's position, they do not

provide incontrovertible evidence regarding the motivations of the corrections officers

who are accused of mistreating plaintiff.  The affidavits therefore would not justify

granting summary judgment in plaintiff's favor.

Accordingly it is

**ORDERED** that "Plaintiff Motion to Excuse Late Filing of Motion in Opposition to

Recommidation Made by Magistrate Judge" [Docket No. 208] and "Plaintiff Motion to

Reconsider Ruling and Accept his Motion in Opposition as Timely Filed" [Docket

No. 210] are denied.  It is further

**ORDERED** that the portion of "Plaintiff Motion Requesting Further Time to

Reply/Respond to Defendants Clements, Romero, Jordan Motion in Opposition to Late

Filing of His Motion in Opposition to Recommendations by Majestrate Judge and to

Comply with Defendants Interrogatories, Discovery Request and Request for

Admissions" [Docket No. 218] seeking time to reply to defendants' opposition is denied

as moot.

DATED March 14, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge