IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02406-PAB-KLM

FRANKY L. SESSION,

 Plaintiff,

v.

DEPUTY SHERIFF CLEMENTS, in his individual capacity,
DEPUTY SHERIFF CAPTAIN ROMERO, in his individual capacity, and
DEPUTY SHERIFF SERGEANT JORDAN, in his individual capacity,

 Defendants.
_____

# ORDER
_____

  This matter is before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 278] filed on January 31, 2018. The magistrate judge recommends that the Court: (1) grant summary judgment in favor of defendants with respect to plaintiff's first claim for relief – a Fourteenth Amendment due process claim against defendant Clements; (2) deny summary judgment in favor of defendants on plaintiff's third and fourth claims for relief, which assert Fourteenth Amendment due process claims against defendants Romero and Jordan; and (3) grant summary judgment in favor of defendants on plaintiff's request for compensatory damages. *See* Docket No. 278 at 9, 17, 19. On February 14, 2018, plaintiff and defendants Romero and Jordan filed separate objections to the recommendation. Docket Nos. 281, 282. Defendants filed a response to plaintiff's objection on March 7, 2018. Docket No. 289.

## I. BACKGROUND[1]

This case arises out of plaintiff's pretrial detention at the Denver Detention Center ("DDC") in March 2013. Plaintiff filed a *pro se* prisoner complaint on August 28, 2014 alleging that various members of the Denver Sheriff's Department had violated his constitutional rights by placing him in Cell Pod 4D, a 23-hour segregation unit at DDC. *See generally* Docket No. 1. Plaintiff filed his fourth amended complaint on May 16, 2016, asserting three claims for relief: (1) a Fourteenth Amendment due process claim against defendant Clements (claim one); (2) a Fourteenth Amendment due process claim against defendant Romero (claim three); and (3) a Fourteenth Amendment due process claim against defendant Jordan (claim four). Docket No. 137.[2] On July 25, 2017, defendants moved for summary judgment on all claims. Docket No. 249. On January 31, 2018, the magistrate judge recommended that the Court grant defendants' motion in part and deny it in part. Docket No. 278.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's

---

[1]Additional facts relevant to plaintiff's claims and defendants' summary judgment motion are set forth in the magistrate judge's recommendation.

[2]The fourth amended complaint asserts three additional claims that were stricken by this Court. *See* Docket No. 143 (order striking second, fifth, and sixth claims for relief).

recommendation to satisfy itself that there is "no clear error on the face of the record."³ Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Because plaintiff is proceeding *pro se*, the Court construes his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

Plaintiff raises three principal objections to the magistrate judge's recommendation. Plaintiff's first through sixth arguments challenge the magistrate judge's finding that defendants are entitled to summary judgment on plaintiff's claim against defendant Clements. *See* Docket No. 282 at 5-13. In his seventh argument, plaintiff appears to contest the magistrate judge's finding that he had weekly meetings with DDC's administrative review board. *See id.* at 13. Finally, plaintiff's eighth and ninth arguments challenge the magistrate judge's determination that plaintiff is not entitled to seek compensatory damages. *See id.* at 14-16.⁴ Defendants object to the magistrate judge's finding that defendants are not entitled to summary judgment on plaintiff's claims against defendants Romero and Jordan. *See* Docket No. 281 at 2.

---

³This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

⁴Plaintiff asserts a tenth argument in which he appears to assert that the magistrate judge erred by determining that plaintiff's references to the "general population" were not references to housing unit 4A. *See id.* at 17. However, the magistrate judge found that there was a genuine dispute of fact on this issue and recommended denial of summary judgment on that basis. *See* Docket No. 278 at 14-15. Because plaintiff's objection is not responsive to the magistrate judge's recommendation, the objection is overruled.

### A. Fourteenth Amendment Claim Against Defendant Clements

Plaintiff objects to the magistrate judge's recommendation that the Court grant defendants' motion for summary judgment as to plaintiff's claim against defendant Clements. Docket No. 282 at 5-13. The magistrate judge found that the undisputed evidence showed that the Classification division – and not defendant Clements – made the decision to transfer plaintiff to Cell Pod 4D based on legitimate concerns that plaintiff would be retaliated against by other inmates for purported hygiene issues. *See* docket No. 278 at 6. The arguments plaintiff advances in support of his objection fall into three general categories.

First, plaintiff asserts that defendant Clements violated his due process rights by removing plaintiff from Cell Pod 4A without: (1) conducting an investigation into the allegations regarding plaintiff's misconduct; (2) employing appropriate procedural safeguards to ensure that plaintiff had actually engaged in misconduct;[5] or (3) advising plaintiff of the alleged misconduct or affording him an opportunity to be heard. *See id.* at 6-7. Second, plaintiff argues that the magistrate judge erred by finding that Clements' actions were limited to the reporting of plaintiff's rule violations to the Classification division. *See id.* at 8. Plaintiff contends that Clements was not required to report rule violations and that he could have chosen instead to conduct his own investigation into the allegations regarding plaintiff's misconduct. *Id.* Third, plaintiff challenges the magistrate judge's finding that defendants transferred plaintiff out of Cell Pod 4A for legitimate reasons. He argues that there is no evidence showing (1) that

---

[5]Plaintiff's references to "misconduct" and "rule violations" appear to be references to his purported hygiene issues.

defendant Clements detected "a foul body odor or offensive smell from Plaintiff" to corroborate other inmates' allegations of misconduct; or (2) that there were threats to plaintiff's safety. *Id.* at 9-10. Finally, plaintiff asserts that the magistrate judge improperly "weighed" the evidence in finding that defendant Clements is entitled to summary judgment. *Id.* at 12-13.

The Court finds that plaintiff's second, third, and fourth arguments do not demonstrate any error in the magistrate judge's determination that plaintiff has failed to present evidence showing that defendant Clements acted with punitive intent. Plaintiff suggests that, under the Denver Sheriff Department's ("DSD") Inmate Handbook, Clements was required to either report the hygiene issues to a sergeant for investigation or investigate the issues himself rather than notify the Classification division. *See* Docket No. 282 at 8. But plaintiff does not point to any evidence controverting defendants' assertion that the procedures set forth in the Handbook did not apply because plaintiff "was not charged with a violation of any jail rule." Docket No. 273 at 11; *see also* Docket No. 282 at 7 ("Defendants have tacitly admitted that [plaintiff] was never charged with a DSD rule infraction . . . ."). The crux of defendants' argument is that plaintiff was transferred to Cell Pod 4D because of a perceived threat to plaintiff's safety. *See* Docket No. 249 at 12; *see also* Docket No. 278 at 6. And defendants presented uncontroverted evidence that it was reasonable, under the circumstances, for Clements to bring these safety concerns to the attention of the Classification division. *See* Docket No. 273 at 11; *see also* 249-4 at 1-2, ¶ 3 (stating that "[t]he Classification division evaluates and determines the appropriate housing for

inmates").[6]

Plaintiff's third argument – that there is no evidence to substantiate defendants' concerns about plaintiff's safety – is also unavailing. The magistrate judge considered this argument but concluded that plaintiff's unsupported "doubts" regarding defendants' reasons for transferring him to Cell Pod 4D were insufficient to create a genuine dispute of material fact. *See* Docket No. 278 at 7. In objecting to this finding, plaintiff asserts that Clements has never stated that he personally "detected any type of foul body odor or offensive smell from plaintiff." Docket No. 282 at 9. He further contends that the OIC Staff Report, Docket No. 268 at 84, does not substantiate defendants' alleged safety concerns because it does not say that plaintiff was threatened by other inmates. *Id.* Finally, he suggests that the Staff Report should be disregarded because it was hand-typed by Clements. *Id.* But these assertions do not create a genuine factual dispute regarding the reasons for plaintiff's transfer. Nor do they provide any support for plaintiff's contention that the magistrate judge improperly weighed the evidence in concluding that defendant Clements is entitled to summary judgment. *See* Docket No. 282 at 12-13.

Finally, because the Court agrees with the magistrate judge's determination that "the uncontroverted evidence demonstrates that Plaintiff's transfer was made for managerial reasons, including Plaintiff's safety," *see* Docket No. 278 at 8, plaintiff's argument that he was denied procedural due process is unavailing. *See* Docket No.

---

[6]Because plaintiff has failed to show that the procedures relating to the investigation of rule violations applied under the circumstances, any suggestion that Clements' non-compliance with those procedures violated plaintiff's due process rights necessarily fails.

282 at 6-7. As the magistrate judge correctly noted, "no process is required if a pretrial detainee is placed in segregation not as punishment but for managerial reasons." *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 (10th Cir. 2005) (internal quotation marks and brackets omitted); *see also Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (stating that no process is required when a prisoner is "placed in segregation to protect himself from other prisoners").

For these reasons, plaintiff's objection to the magistrate judge's recommendation that the Court grant summary judgment in favor of defendant Clements is overruled.

### B. Fourteenth Amendment Claims Against Defendants Romero and Jordan

Defendants assert that the magistrate judge erred in finding that there is a genuine dispute of fact precluding summary judgment in favor of defendants Romero and Jordan on qualified immunity grounds. Docket No. 281 at 3.[7]

The magistrate judge concluded that, although the "uncontroverted evidence demonstrates that Defendants Romero and Jordan believed that placing Plaintiff in general population could subject him to a heightened risk of assault," Docket No. 278 at 10, there was a triable issue of fact as to whether defendants denied plaintiff's requests

---

[7]Plaintiff also appears to object to the magistrate judge's finding that plaintiff had weekly administrative review hearings to discuss his housing placement. Docket No. 282 at 12-13; *see also* Docket No. 278 at 12. Plaintiff states that, although he does not dispute being granted Administrative Review Board hearings, he does dispute "the deprivation of process by Romero, Jordan" on the days those meetings took place. Docket No. 282 at 14. Plaintiff's contention seems to be that defendants denied him due process by failing to listen to his concerns regarding his housing placement. However, this argument ignores the magistrate judge's conclusion that there is a genuine dispute of fact as to whether defendants wrongfully denied plaintiff's requests for transfer out of Cell Pod 4D. *See* Docket No. 278 at 14-15. Because the magistrate judge resolved this issue in plaintiff's favor, plaintiff's objection is both irrelevant and lacking in merit.

7

to return him to Cell Pod 4A, a special housing unit for alleged sex offenders. Docket No. 278 at 15.[8] In reaching that conclusion, the magistrate judge relied on evidence, submitted by plaintiff, that he had pleaded with defendants Romero and Jordan to return him to Cell Pod 4A. *See id.* at 12. The magistrate judge also noted that plaintiff appeared to have used "'4A' and 'population'" interchangeably, raising the possibility that the grievance forms plaintiff submitted requesting a "return to population" were, in fact, requests to be transferred back to Cell Pod 4A. *See id.* at 13. According to the magistrate judge, whether plaintiff requested to be moved back to Cell Pod 4A is material to his Fourteenth Amendment claim because defendants' denial of such a request in the absence of a legitimate justification would give rise to an inference of punitive intent. *Id.* at 14. The magistrate judge therefore determined that plaintiff had satisfied his burden as to the first step of the qualified immunity analysis. *Id.* at 15.

The magistrate judge also concluded that plaintiff had satisfied his burden at the second step. *Id.* at 17. Specifically, the magistrate judge noted that plaintiff had cited *Peoples*, which established that a pre-trial detainee may "not be punished prior to a lawful conviction" and that the pertinent inquiry is whether the condition of detention was "imposed for the purpose of punishment or whether it [was] incident to some other legitimate government purpose." 422 F.3d at 1106; *see also* Docket No. 278 at 16.

Defendants object to the magistrate judge's conclusions at both steps of the qualified immunity analysis. As to the first step – whether defendants violated plaintiff's

---

[8]As indicated in the magistrate judge's recommendation, a return to Cell Pod 4A is not the same as a return to "general population." Thus, any refusal by defendants to return plaintiff to Cell Pod 4A could not have been justified based on defendants' concerns about plaintiff's safety in general population.

8

constitutional rights – defendants argue that: (1) plaintiff's grievance form #1306864 "expressly negates any possibility" that plaintiff requested to return to Cell Pod 4A; and (2) even assuming the evidence demonstrates a miscommunication or misunderstanding between the parties, a misunderstanding does not establish punitive intent for purposes of plaintiff's Fourteenth Amendment claim. Docket No. 281 at 5-6.

As an initial matter, the Court agrees that evidence of a miscommunication would be insufficient to establish punitive intent. *See Peoples*, 422 F.3d at 1106 (stating that the relevant inquiry is whether the condition of detention was "imposed for the *purpose* of punishment" (emphasis added). A Court may infer punitive intent "if a restriction or condition is not reasonably related to a legitimate governmental goal – if it is arbitrary or purposeless." *Id.* However, such an inference does not exist if defendants mistakenly believed that plaintiff was unwilling to return to Cell Pod 4A and general population was not an option due to safety concerns. The only question is whether a reasonable jury could find that plaintiff (1) requested to be returned to Cell Pod 4A and (2) defendants understood the intended meaning of those requests.

The Court agrees with the magistrate judge that plaintiff has established a genuine dispute of material fact as to these issues. The evidence regarding the nature of plaintiff's requests is comprised largely of competing declarations by the parties. *Compare* Docket No. 249-3 at 3, ¶¶ 11, 13; Docket No. 249-4 at 2, ¶ 6; Docket No. 249-5 at 2, ¶¶ 8-9; *with* Docket No. 74-1 at 5, ¶ 23; Docket No. 268 at 73, ¶ 112. While plaintiff cites to his own declarations to establish that he repeatedly requested to be transferred to Cell Pod 4A, *see* Docket No. 268 at 27, 31-32, defendants rely just as

strongly on their own statements that plaintiff continuously refused transfer back to Cell Pod 4A. *See* Docket No. 249 at 6, ¶¶ 19-20. The inmate grievance forms do not definitely resolve this dispute. In the grievance form dated March 24, 2013, plaintiff requests to be returned to "population." Docket No. 89-1. The magistrate judge cited multiple places in the record where plaintiff appears to use "population" interchangeably with "Cell Pod 4A." *See* Docket No. 278 at 13; *see also* Docket No. 268 at 76, ¶ 128 (stating that "Unit 4A is general population for pretrial detainees/convicted inmates charged with alleged sexual crimes"). Moreover, there are two facts from which a reasonable juror could find that defendants understood plaintiff's request in the March 24, 2013 grievance as he allegedly intended it. First, plaintiff states at the beginning of the grievance form that he was "moved out of population without any violations." Docket No. 89-1 at 1. But on March 24, 2013, plaintiff was moved out of Cell Pod 4A, not general population. *See* Docket No. 249 at 3, ¶ 2. Accordingly, a reasonable juror could find that defendants would have understood any references to "population" in the inmate grievance form to be references to Cell Pod 4A. This inference is further supported by the response to the grievance form. In rejecting plaintiff's request, the officer stated: "You are P.C. other due to charges. You could not make it in 4A so 4D is our best place due to court cases pending." Docket No. 89-1 at 1. A reasonable juror could find that, had the officer interpreted plaintiff's request as asking for a transfer to "general population," the officer would have referred to "general population" rather than "4A" in his denial.

Defendants argue that grievances filed on December 16, 2013 "expressly negate[] any possibility that Plaintiff wanted to return to Cell Pod 4A or that there could

have been a miscommunication or misunderstanding between the parties." Docket No. 281 at 5. Defendants rely specifically on Inmate Grievance Form No. 1306864, Docket No. 249-7, in which plaintiff states that "4A is not an option." *See* Docket No. 281 at 5. Defendants assert that this statement "leaves no doubt that [plaintiff] did not want to return to Cell Pod 4A. *Id.* The Court disagrees. The grievance form was filed after plaintiff had been in segregation for nearly nine months, during which plaintiff allegedly made repeated requests to be transferred back to Cell Pod 4A. A reasonable juror could conclude, based on the conflicting evidence, that plaintiff simply changed his mind about wanting to return to 4A at some point before his filing of the December grievance. The grievance form thus does not demonstrate the absence of any factual dispute as to whether defendants knowingly denied plaintiff's requests to be transferred back to Cell Pod 4A. The same is true with respect to the other grievance filed by plaintiff on December 16, 2013. In that grievance, plaintiff states that he has "beg[ged] and plead[ed] to leave 4D and return to population." Docket No. 249-6. He also expresses a willingness to "sign a waiver" releasing DDC of liability so he can return to "general population." *Id.* The officer responds: "You have been given the opportunity to go to 4A and continually refuse to go. Today 12-18-2013 you will try to go to 4A." *Id.* But neither plaintiff's request nor the officer's response makes clear when plaintiff was first offered the opportunity to return to Cell Pod 4A. Accordingly, it does not establish the absence of a genuine dispute as to whether defendants repeatedly denied plaintiff's request to return to Cell Pod 4A during the nine months he was in segregation.

Because the Court concludes that there is a genuine dispute of material fact as to whether defendants violated plaintiff's constitutional rights, the Court must proceed to

the second step of the qualified immunity analysis and determine whether plaintiff's rights were clearly established at the time of the alleged violation. The magistrate judge concluded that plaintiff had satisfied his burden at this step of the qualified immunity analysis by citing to *Peoples*. Docket No. 278 at 15-16. The Court agrees.

Defendants argue that the magistrate judge's reliance on *Peoples* defines the clearly established law at too high a level of generality. *See* Docket No. 281 at 9-10. Defendants assert that the relevant inquiry is whether, at the time of the alleged violation in this case, there was case law that would have "put reasonable officers on notice that holding Plaintiff in segregation, when he may have used '4A' and 'general population' interchangeably when requesting to be moved from segregation, would violate his Fourteenth Amendment rights." *Id.* at 7. While defendants are correct that the clearly established law "must be 'particularized' to the facts of the case," *White v. Pauly*, 137 S. Ct. 548, 552 (2017), defendants' argument goes too far. The dispositive question is whether existing precedent has "placed the statutory or constitutional question beyond debate," such that "every reasonable official would have understood that what he is doing violates that right." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (internal quotation marks omitted). Although this is a highly factual inquiry, a plaintiff "can overcome a qualified-immunity defense without a favorable case directly on point." *Id.*

The Court agrees with the magistrate judge's conclusion that *Peoples* was sufficient to place defendants on notice that keeping a pre-trial detainee in segregated housing for no legitimate purpose violates the Fourteenth Amendment. Not only did

*Peoples* affirm the general principle that a pre-trial detainee may not be punished prior to a lawful conviction, it applied that principle to facts analogous to this case. *See Peoples*, 422 F.3d at 1094, 1106 (considering whether officials violated pre-trial detainee's constitutional rights when, after placing him in segregation due to lack of bed space, they kept him in segregation for thirteen months based on a substantiated threat that he would escape).

Defendants contend that *Peoples* is inapposite because it does "not address a circumstance where an inmate is legitimately placed in administrative segregation but remains there due to an alleged miscommunication." Docket No. 281 at 9. As discussed above, however, the evidence permits a finding that defendants knowingly denied plaintiff's requests to be transferred back to Cell Pod 4A for no legitimate reason. The Court agrees with the magistrate judge that *Peoples* would have put defendants on notice that such conduct is unlawful. Accordingly, defendants' objection to the magistrate judge's recommendation is overruled.

### C. Claim for Compensatory Damages

Plaintiff objects to the magistrate judge's finding that he is barred from recovering compensatory damages under the Prison Litigation Reform Act ("PLRA") because he has failed to show physical injury resulting from his placement in administrative segregation. *See* Docket No. 282 at 14-16; *see also* Docket No. 278 at 17-19.[9] Plaintiff argues that the prayer for relief in his fourth amended complaint "does not contain or

---

[9]The PLRA provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

13

illustrate any request for mental or emotional injuries" and that the injuries for which he seeks relief "are unrelated to mental and/or emotional injury." Docket No. 282 at 15.

After review of the evidence and plaintiff's fourth amended complaint, the Court agrees with the magistrate judge that plaintiff has failed to demonstrate any physical injury resulting from his segregation. Plaintiff's fourth amended complaint asserts the following injuries in support of his request for compensatory damages: (1) loss of privileges, quality of life, and liberty; and (2) unspecified adverse affects on his "mental and physical health and well-being." Docket No. 137 at 12-13. Elsewhere, plaintiff alleges that he suffered a variety of symptoms as a result of his confinement, including "hearing voices, hallucinations, cognitive dysfunction, uncontrollable jumping, depression, anxiety, appetite lost, sleep disruption, muscle tightening, panic, traumatic re-<u>en</u>actment of being shot at point blank range, continued fear and paranoia." Docket No. 137 at 7, ¶ 50; *see also* Docket No. 268 at 58 (citing similar symptoms, as well as a "large very painful lump on lower left side rib-cage area"); Docket No. 237-2; Docket No. 237-3. The magistrate judge considered this evidence and concluded that plaintiff's showing was insufficient to satisfy the requirements of the PLRA. *See* Docket No. 278 at 19; *see also Hughes v. Colo. Dep't of Corrs.*, 594 F. Supp. 2d 1226, 1238-39 (D. Colo. 2009) (finding that physical manifestations of mental and emotional injuries were "insufficient to withstand the 'physical injury' requirement" of the PLRA). In his objection, plaintiff does not point to any other evidence demonstrating physical injury, and his conclusory assertions that his symptoms were unrelated to any mental or emotional injuries are insufficient to satisfy the requirements of the PLRA.

Plaintiff's objection to this portion of the magistrate judge's recommendation is

14

therefore overruled.

### D. Unobjected-to Rulings

As for the unobjected-to portions of the recommendation, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the unobjected-to portions of the recommendation and satisfied itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 278] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 249] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiff's first claim for relief is dismissed with prejudice. It is further

**ORDERED** that plaintiff's request for compensatory damages is dismissed with prejudice.

DATED March 29, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge