IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02406-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

DEPUTY SHERIFF CAPTAIN ROMERO, in his individual capacity, and
DEPUTY SHERIFF SERGEANT JORDAN, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion Requesting Court to Reopen Discovery or Compel Defendants to Surrender Both Inmate Trustee Names [Docket No. 328]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

This case arises out of plaintiff's pretrial detention at the Denver Detention Center ("DDC") in March 2013. Plaintiff filed a *pro se* prisoner complaint on August 28, 2014 alleging that various members of the Denver Sheriff's Department had violated his due process rights under the Fourteenth Amendment by placing him in Cell Pod 4D, a 23-hour segregation unit at DDC. *See generally* Docket No. 1. On March 29, 2018, the Court accepted the recommendation of the United States Magistrate Judge and denied in part defendants' motion for summary judgment. Docket No. 295. A four-day jury trial on plaintiff's remaining claims is set to begin August 27, 2018. Docket No. 303. Although plaintiff's request for pro bono counsel has been granted, Docket No. 308,

counsel has not yet been appointed on his behalf.[1]

Plaintiff filed his present motion on July 31, 2018 requesting that the Court reopen discovery or compel defendants to disclose the names of two inmates who allegedly complained to Deputy Sheriff Clements about plaintiff's hygiene issues. Docket No. 328 at 3, ¶ 14. Although plaintiff's motion does not explain the significance of this information, defendants argued on summary judgment that the complaints of these inmates prompted plaintiff's transfer to the segregation unit. *See* Docket No. 278 at 6 (discussing defendants' evidence "that the Classification division made the decision to transfer Plaintiff to segregation in order to avoid potential conflicts with other inmates following complaints from three inmates to Defendant Clements regarding Plaintiff's hygiene" (quoting Docket No. 249-2 at 2, ¶¶ 4, 7-8)).

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court . . . ." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In exercising that discretion, courts consider the following factors: (1) "whether trial is imminent"; (2) "whether the request is opposed"; (3) "whether the non-moving party would be prejudiced"; (4) "whether the moving party was diligent in obtaining discovery within the guidelines established by the court"; (5) "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court"; and (6) "the likelihood that the discovery will lead to relevant evidence." *Id.* With regard to the fourth factor, the Tenth Circuit has stated that "demonstrating good cause under [Fed. R. Civ. P.] 16(b)(4) requires the moving party to show that it has been diligent in

---

[1]Because plaintiff is proceeding *pro se*, the Court will construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Arkansas River Power Auth. v. Babcock & Wilcox Power Co.*, No. 14-cv-00638-CMA-NYW, 2016 WL 9734683, at *2 (D. Colo. Oct. 19, 2016) (internal brackets omitted) (quoting *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009)).

The Court finds that these factors weigh against granting plaintiff's motion.[2] This case has been pending for nearly four years and is scheduled to go to trial in less than four weeks. The discovery deadline was June 20, 2017. Docket No. 263. Although plaintiff suggests that he had difficulty obtaining the names of two inmates through the discovery process, *see* Docket No. 328 at 2, ¶¶ 2-4, he does not explain why he could not have resolved these issues before the discovery deadline.[3] Moreover, to the extent that plaintiff requested the inmates' identities after the discovery deadline, defendants were under no obligation to respond. *See id.* at 3, ¶¶ 6-9 (describing various requests made after June 20, 2017). Plaintiff does not argue that his need for additional

---

[2]Because defendants have not yet responded to plaintiff's motion, the Court will assume that the second factor is neutral.

[3]Although not entirely clear from plaintiff's motion or the record, it appears that he may have been unable to obtain the information regarding the two inmates because he exceeded the number of requests for production allowed by the magistrate judge. *See* Docket No. 328 at 2, ¶ 3 (noting that, "[d]ue to multiple discovery issues and discovery misunderstandings of numeric discovery request, the Plaintiff requested a hearing to resolve these issues"); Docket No. 197 at 1 (requesting hearing to address defendants' refusal to respond to requests for production on ground that plaintiff had exceeded the number of requests permitted by the court); Docket No. 206 at 1 (denying plaintiff's request for a discovery hearing and finding that "Defendants were permitted to refuse to respond to any requests for production over the number of fifteen"). To the extent that plaintiff disagrees with the discovery limits imposed by the magistrate judge, his time to object has long passed.

discovery was unforeseeable. Nor could he, given that defendants' July 25, 2017 summary judgment motion discussed the inmates' complaints about plaintiff's hygiene. *See* Docket No. 249 at 12. Finally, plaintiff does not explain how knowing the identities of the two inmates would lead to the discovery of information relevant to his claims against defendants Romero and Jordan.[4]

Given the imminence of trial and the likelihood that defendants would suffer prejudice were discovery to be reopened at this juncture, the Court declines to grant plaintiff's requested relief. It is therefore

**ORDERED** that plaintiff's Motion Requesting Court to Reopen Discovery or Compel Defendants to Surrender Both Inmate Trustee Names [Docket No. 328] is **DENIED**.

DATED August 2, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4]On summary judgment, the inmates' complaints were discussed only in relation to plaintiff's claim against defendant Clements and the initial decision to transfer plaintiff to the segregation unit. *See* Docket No. 249 at 3-4, 11-12; Docket No. 278 at 5-6. It does not appear that plaintiff's claims against defendants Romero and Jordan are based on that initial transfer decision. *See* Docket No. 278 at 9 (discussing plaintiff's claim that defendants Romero and Jordan violated plaintiff's due process rights by refusing to transfer him *out* of the segregation unit).

4