IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02406-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

DEPUTY SHERIFF CAPTAIN ROMERO, in his individual capacity, and
DEPUTY SHERIFF SERGEANT JORDAN, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

    This matter comes before the Court on Plaintiff's Motion for Writs of Habeas Corpus Ad Testificandum [Docket No. 377]. In his motion, plaintiff requests a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(5) directing the Colorado Department of Corrections ("CDOC") to transport plaintiff and another prisoner, Kenneth Walker, to Denver for trial. Docket No. 377 at 1-2. The trial in this case is set to begin in January 28, 2019. Docket No. 359.

    Section 2241(c)(5) of Title 28 provides that the "writ of habeas corpus shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial." "The decision to issue a writ of habeas corpus ad testificandum to permit a prisoner's presence is committed to the sound discretion of the district court." *Hawkins v. Maynard*, 89 F.3d 850, 1996 WL 335234, at *1 (10th Cir. June 18, 1996) (unpublished table decision). In exercising that discretion, a court "must weigh the prisoner's need to be present against concerns of expense, security, logistics and

docket control" (the "*Muhammad* factors"). *Id.* (citing *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 111-12 (4th Cir. 1988)). These factors apply regardless of whether the prisoner is a litigant or a nonparty witness. *Id.*

Plaintiff argues that his presence at trial "is necessary for [him] to have a full and fair opportunity to prove his claims." Docket No. 377 at 3. Specifically, he states that he will testify as to his repeated requests to leave Unit 4D, his willingness to move to Unit 4A, and the fact that he did not receive weekly reviews of his housing placement. *Id.* Plaintiff avers that the expenses, security concerns, and logistical issues associated with his transport will be minimal: he is incarcerated only two hours from Denver, his "criminal charges are not violent in nature, and the CDOC is experienced in regularly transporting prisoners for a multitude of reasons." *Id.* at 4. Last, plaintiff contends that his "live testimony is best suited to preventing any disruption to the Court's docket." *Id.* (quoting *Kocsis v. Kendall*, 2016 WL 7852315, at *1 (D. Kan. June 2, 2016)).

Defendants respond that, although they do not oppose plaintiff's request, they are concerned about "the potential for trial disruptions" given plaintiff's statements at the August 9, 2018 trial preparation conference that his medical issues would make it difficult for him to appear in court. Docket No. 381 at 6. At that hearing, plaintiff indicated, for example, that he is physically bent over with his chest touching his kneecaps, requires significant assistance in performing basic tasks, needs to take regular breaks to use the restroom due to his medical issues, and would be able to remain in court for no more than three hours. Plaintiff also stated that he was "not well enough to travel" and would prefer to testify via videoconference from his correctional

facility in the event pro bono counsel was appointed.

Plaintiff's motion does not acknowledge that in August plaintiff stated that he could not travel due to health reasons and preferred to testify via video teleconference. Plaintiff's motion also does not explain what accommodations plaintiff would require at trial, how long he could remain in the courtroom on any given day, and whether plaintiff requests to be present during all parts of the trial.

While plaintiff is entitled to a fair opportunity to prove his claims, plaintiff provides no explanation for why he cannot do so through videoconferencing. In light of his previous statements to the Court and the failure of his motion to address such concerns, the Court will deny the motion to writ the plaintiff for trial. Instead, plaintiff is encouraged to explore the means for him to appear and monitor the trial via teleconference.

Plaintiff also requests a writ of habeas corpus directing the CDOC to make DOC inmate Kenneth Walker available for trial. Docket No. 377 at 4. In support of his request, plaintiff states that Mr. Walker's "testimony will directly contradict Defendants and Dr. Gafford's testimony, corroborate Mr. Session's testimony, and provide direct evidence of Defendants' punitive intent." *Id.* at 5. Specifically, Mr. Walker is expected to testify testify "about his observations of how frequently Defendants and Dr. Gafford met with Mr. Session, statements made by Defendants to Mr. Session that suggest Defendants were keeping Mr. Session in Unit 4D because of his charges, and interactions between Plaintiff and Mr. Walker in which Plaintiff stated he wanted to be moved out of Unit 4D." *Id.* at 4-5. Defendants oppose plaintiff's request for a writ of habeas corpus as to Mr. Walker. Docket No. 381 at 2. They argue that plaintiff did not

list Mr. Walker as a witness in the final pretrial order and has not moved to amend the order pursuant to Fed. R. Civ. P. 16(e). *Id.* at 3.

Given the proximity to trial, the Court will construe plaintiff's motion for a writ of habeas corpus concerning Mr. Walker as a motion to amend the final pretrial order under Rule 16(e).[1] The "pretrial order measures the dimensions of the lawsuit, both in the trial court and on appeal," *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (internal quotation marks omitted), and may be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party moving to amend the pretrial order bears the burden of showing that manifest injustice would result if amendment is not permitted. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). In evaluating whether the party has made this showing, the Court considers the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

Defendants contend that these factors weigh against amendment because (1) plaintiff has not provided any explanation for failing to list Mr. Walker as a witness

---

[1]The Court agrees with defendants that a party's trial witness list does not supersede the final pretrial order and thus plaintiff should have moved to amend the final pretrial order pursuant to Fed. R. Civ. P. 16(e). However, the Court declines to deny plaintiff's motion on this basis. Defendants have already presented their arguments opposing amendment, *see* Docket No. 381 at 3 n.1(acknowledging possibility that Court would construe plaintiff's motion as a request to amend the final pretrial order), and requiring plaintiff to file an additional motion for leave to amend at this juncture would only delay resolution of the issue, which, given the proximity of trial, would be prejudicial to both parties.

earlier in the case, and (2) defendants will have difficulty obtaining discovery of Mr. Walker before trial.  Docket No. 381 at 5.  However, on June 4, 2018, the date of the final pretrial order, Docket No. 300, plaintiff was still proceeding *pro se* in this matter.  He was not appointed pro bono counsel until August 21, 2018.  Docket No. 352.  Since that time, counsel has worked diligently to supplement the evidence and prepare this case for trial.  *See, e.g.*, Docket No. 364.  On November 13, 2018, plaintiff's counsel informed counsel for defendants that plaintiff intended to compel Mr. Walker's attendance at trial.  Docket No. 377 at 6.  Given these facts, the Court finds no evidence that plaintiff has acted in bad faith by seeking to modify the final pretrial order at this juncture.

Regarding the issue of prejudice, the Court agrees that defendants should have an opportunity to seek discovery from Mr. Walker before trial.  However, there is sufficient opportunity for them to do so.  Even with the procedural requirements applicable to prisoners, defendants indicate that they would be able to depose Mr. Walker before the presently scheduled trial date.  *See* Docket 381 at 5.  This time frame is not unreasonable, given the nature of Mr. Walker's testimony, and defendants provide no specific argument as to why conducting the deposition one month before trial would unduly hamper their ability to defend against plaintiff's claims.

In summary, the four factors listed above weigh in favor of allowing plaintiff to amend the final pretrial order to add Mr. Walker as a witness.  To the extent that plaintiff intends to present Mr. Walker's testimony at trial, defendants are granted leave to depose Mr. Walker, consistent with Fed. R. Civ. P. 26(b)(1) and (2).  *See* Fed. R. Civ. P. 30(a)(2)(B) (providing that the court "must grant leave [to depose a person confined

in prison] to the extent consistent with Rule 26(b)(1) and (2)).

The *Muhammad* factors further support the issuance of a writ of habeas corpus so that Mr. Walker can testify in person at trial. Mr. Walker is presently incarcerated only two hours from Denver, the CDOC regularly transports prisoners from that distance, and defendants have not identified any security, logistical, or other concerns that would counsel against allowing Mr. Walker's physical presence at trial.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Writs of Habeas Corpus Ad Testificandum [Docket No. 377] is **GRANTED** in part and **DENIED** in part as stated in this order. It is further

**ORDERED** that the Clerk of the Court issue a writ to Rick Raemisch, Executive Director, Colorado Department of Corrections, and to Steven Owens, Warden, Colorado State Penitentiary, requiring Mr. Owens to produce Kenneth Walker, Department of Corrections Inmate No. 166689, before Judge Philip A. Brimmer of the United States District Court for the District of Colorado, for the proceedings scheduled to begin January 28, 2019 at 8:00 a.m., and to hold him at all times in the custody of the Colorado Department of Corrections until the conclusion of the trial, and thereafter to return Mr. Walker to the institution where he is now confined. It is further

**ORDERED** that defendants are granted leave to depose Kenneth Walker pursuant to Fed. R. Civ. P. 30(a)(2)(B). It is further

**ORDERED** that Plaintiff's Motion for Court Ordered Handicap Transportation and Cuffing for Trial [Docket No. 305] is **DENIED** without prejudice.

DATED December 10, 2018.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge